## SILAS N. MITCHELL vs. WILLIAM H. BLACK.

*Trespass lies for the entry of a mortgagee of improvements.*

The owner of the fee in possession can recover in trespass for grass and trees cut by the assignee of a mortgage of the possession and improvements made by the party from whom the plaintiff derives his title before such party acquired the title to the land.

Such mortgage, purporting only to convey the right which the mortgagor then had by possession and improvement, passes to the mortgagee no interest in the land itself, but only (at best) a right to the improvements placed thereon by the mortgagor, or the equitable right to compensation for those improvements when dispossessed by the owner; nor will the subsequently acquired title of the mortgagor enure to the benefit of the mortgagee.

And the conveyance from such mortgagor, after he has acquired the title, will give to his grantee a superior title to the soil and its products, as against the assignee of the mortgage. A recovery by the defendant in such trespass suit in a real action for the *locus*, against a party through whom the plaintiff derives his title, will not avail the defendant, if his suit is not commenced until after such third party has parted with the title and possession. Nor will the fact that the defendant was formally put in possession of the *locus* by an officer, upon a writ of possession in his favor, against the plaintiff's grantor, prevent the plaintiff from maintaining his action of trespass, if he was not put out of the possession, and had no knowledge of the suit or its result.

ON REPORT.

All the facts necessary for an understanding of the legal questions determined, are to be found in the opinion.

*Hale & Emery* for the plaintiff.

*George S. Peters* for the defendant.

BARROWS, J. The case shows that the plaintiff since 1862, and his grantors previously, have had possession of the land upon which the grass and trees were cut by the defendant in 1869, which is the trespass complained of. Without being in the constant occupation of the premises, they have cut the grass and standing growth thereon from year to year and paid the taxes assessed on it, claiming title under a warranty mortgage deed of

the premises from James Moseley to J. A. Deane, given in May, 1849, and a sheriff's sale of the equity of redemption, made in September, 1851. This title was regularly transmitted to the plaintiff and has been held by him since 1862.

The defendant claims under a mortgage of a possession and improvements upon the *locus* made by the same Moseley to John Black in 1832, to secure a debt which has never been paid, duly recorded, assigned to the defendant, and regularly foreclosed by publication in 1859. In 1868, possession of the *locus* was given to the defendant by an officer having a *habere facias* in defendant's favor against J. A. Deane, no one at the time of the service of said writ being in the actual occupation of the premises. But as we understand the report, Deane's title and interest in and to the premises and the possession thereof, had passed from him to third parties before the commencement of defendant's suit against him.

There was an improvement on the place in 1832, at the time Moseley made his mortgage to Black and its condition has not changed much since that time. Upon these facts the plaintiff is entitled to his damages for the grass and timber cut by the defendant, as having the better title to the soil on which they grew, and sufficient possession to enable him to maintain this action.

The acts of the plaintiff, and of his grantors for a series of years prior to 1869, show a possession in him which would enable him to maintain this suit against a stranger; and he must be deemed a stranger who can show no better or elder title or possession.

Both parties claiming under Moseley—the character, force and effect of the respective grants under which they claim must be examined.

The defendant's mortgage, made in 1832, purports to convey only such rights by possession and improvement as Moseley then had. That was not a right or interest in the land itself, but only a right to the improvements placed . there by the party in possession, or an equitable right to compensation for those improve-

ments in case the owner of the soil should come and dispossess him. It could be assigned and conveyed by parol and delivery, like any chattel interest or chose in action. *Lombard* v. *Ruggles*, 9 Maine, 62.

But he who owns the soil itself may, at any time, enter and dispossess the owner of the improvements, who has only the equitable right to compensation therefor which is recognized by statute. In other words, the owner of the fee has the superior title, and the owner of the possession and improvements must resort, in suitable cases, to his remedy by bill in equity, or action of assumpsit, to secure his compensation. *Chapman* v. *Butler*, 22 Maine, 191.

Moseley, in 1832, in mortgaging to Black, pledged only this right. Apparently he had no other at that time. He undertook to convey no other at all events. But the defendant, claiming under his mortgage then made, is in no position to question the fact that, at that time, Moseley had been in possession of the land claiming adversely for six years or more. For aught that appears, he continued this possession during the seventeen years next following and up to the time when he mortgaged the fee to Deane in 1849. Even if he had acquired in the interim no title to the land by deed, in 1849 he had apparently got an indefeasible interest therein, by adverse possession for a continuous period of at least twenty-three years. If so, he could and did at that time convey an interest in the land itself to Deane, which the case finds had vested in the plaintiff accompanied by possession.

If Moseley had assumed to convey any interest in the land by his mortgage to Black in 1832, his after acquired title might have been held to enure to the benefit of Black and his assigns. But he did not.

The question here is not whether the assignee of the mortgage to Black has any remedy to enforce his claim to that which was the subject of his mortgage ; but whether the grass and trees produced upon this land belong to the defendant or plaintiff.

The defendant's judgment against Deane, and his formal induc-

tion into possession of the *locus* by the officer upon the *hab. fac.* issued thereupon, are fruitless as against the plaintiff. His suit was not commenced until after Deane had parted with the title and the possession. Deane's submission to a default under such circumstances could not prejudice his grantees, and it does not appear that the plaintiff was dispossessed by the officer, or even that he had knowledge of the service of the writ of possession.

> *Defendant defaulted. Damage to be assessed by judge at nisi prius.*

APPLETON, C. J., CUTTING, WALTON, DANFORTH and PETERS, JJ., concurred.